Frank E. STAMBAUGH, Appellant,

v.

Ida WEDLAN, Administratrix of the Estate of Sam Wedlan, Deceased, Respondent.

No. 23807.

Kansas City Court of Appeals.

Missouri.

Oct. 7, 1963.

Elwyn L. Cady, Jr., Kansas City, for appellant.

Arnold N. Shanberg, Rope, Shanberg, Rope & Bigus, Kansas City, for respondent.

BROADDUS, Presiding Judge.

This is an appeal by plaintiff, Stambaugh, from a judgment sustaining defendant's Motion for Summary Judgment.

The facts are undisputed. Appellant purchased a policy of insurance from Surety National Insurance Company, a Nebraska Corporation, covering a certain White Tractor owned by him, said policy being for a period to November 26, 1958. In July 1958 appellant purchased an International Truck and notified Sam Wedlan, an agent of the Surety National Insurance Company, of the purchase, and was advised by Wedlan of the additional premium required and that the new truck was covered under the policy.

On September 6, 1958, the International Truck was wrecked. Appellant notified the Surety National of the loss and tendered the additional premium required for the new insurance. The Insurance Company refused to pay the loss and on June 5, 1959, appellant filed suit against it. The petition filed in said cause alleged that Sam Wedlan acted as agent for the defendant Insurance Company and sought compensatory damages, damages for vexatious delay and attorneys' fees from the Insurance Company as Wedlan's principal.

The trial of that cause was had on December 1, 1960, during the course of which the court instructed the jury that it was admitted that Sam Wedlan acted as agent for the Insurance Company, which instruction was offered by the plaintiff, appellant here. Judgment was rendered in favor of the plaintiff (appellant here) against Surety National Insurance Company in the sum of $1250. Thereafter, the Surety National Insurance Company was placed in receivership in Nebraska and appellant has been unable to collect his judgment against it.

Sam Wedlan died in Kansas City on November 8, 1961, and Letters of Administration were issued to his widow, respondent herein, by the Probate Court of Jackson County. Thereafter, on August 9, 1962, the appellant filed his petition herein which sets forth the judgment against Surety National Insurance Company, states that he has been unable to collect the same and seeks damages for $2000 against respondent as administratrix of the estate of her husband.

On September 13, 1962, respondent filed her Motion for Summary Judgment attaching thereto affidavits and exhibits which set forth the facts of the former suit and prayed the court for Summary Judgment in that the former action against the principal of decedent constituted a legal bar to the second action now on appeal here. Written suggestions were filed by both parties and on October 17, 1962, the court below found that respondent here was entitled to judgment as a matter of law.

■ It is clear from the pleadings in the former suit against Surety National that Sam Wedlan, now deceased, was acting as the agent of said company. In electing to proceed against the principal, appellant thereby discharged the agent. As stated in the case of Grether v. DiFranco, Mo.App., 178 S.W.2d 469, 473;

"Ordinarily an agent who enters into a contract on behalf of a known principal is not personally liable. And it is the settled law that, while a person who has dealt with the agent of an undisclosed principal may elect to hold either the agent or the principal, he cannot hold both. (Citing cases.) And so, under the facts in this case, whether Carmelo DiFranco was acting for either a known or unknown principal, he was merely an agent and there was no liability on his part after the name of his principal was disclosed and plaintiff elected to proceed against the principal. Under the facts in this case there was no liability on the part of Carmelo DiFranco, and his demurrer should have been sustained."

■ Appellant's petition here acknowledges that suit was initially brought against the principal, was reduced to judgment and is final. He now seeks to recover from the respondent because during the interim the principal became insolvent. It is clear that

the election was made when the suit was filed and the judgment obtained against the principal and the fact that the same is now uncollectable does not reopen the matter. This exact point is discussed in 3 C.J.S. Agency § 248, p. 178, wherein it is said:

"A suit by a contracting third person prosecuted to judgment against either the principal or the agent with knowledge of all the facts *is an election to look to the credit of that party alone and bars a later suit against the other,* although the first judgment has not been satisfied and the debtor is insolvent."

Appellant argues that even if he sued the principal and is barred against the agent, the first suit was in contract and the present suit is in tort and he should be permitted to proceed, although he cites not a single authority supporting such a proposition.

 As stated by the Eighth Circuit Court of Appeals (in interpreting the laws of this state) in National Bank of Commerce in St. Louis v. Equitable Trust Company, 227 F. 526, an action cannot be *ex contractu* for one person and *ex delicto* for another, and where based upon the waiver of a tort and affirmance of the underlying transaction, such waiver is for all purposes.

A most clear and cogent expression of the rule here in issue is contained in King v. Guy, Mo.App., 297 S.W.2d 617, 622, wherein it was said:

" * * * [I]t has long been settled that, where a party, having the right to pursue one of two inconsistent remedies, make his election, institutes suit, and *prosecutes it to final judgment,* he cannot thereafter pursue another and inconsistent remedy, irrespective of whether such judgment has been for or against the electing party. 'The basic concept of the doctrine of election is that a party shall not be permitted to insist at different times upon the truth of two inconsistent and repugnant positions, according to the promptings of his own interest, as to first affirm and later disaffirm a contract, or the like.' "

Thus conceding that appellant may originally have had a tort action available against the within decedent, it is clear that in electing to stand on the contract against the principal by virtue of the agency of the decedent, appellant elected for all purposes (1) to proceed in contract and not in tort and (2) to proceed against the principal and not the agent. In carrying that election to final judgment in the former cause, he fully discharged the decedent and his legal representative, respondent herein, from any further liability as a matter of law, supporting the Motion for Summary Judgment sustained below.

The judgment is affirmed.

All concurring including HIGGINS, Special Judge.