**SASLOW DENTAL–ST. LOUIS, d/b/a Rosen Dental Supply Company, Plaintiff–Respondent,**

v.

**WILLIAM H. JONES, D.D.S., a professional corporation, Defendant–Appellant.**

No. 53740.

Missouri Court of Appeals, Eastern District, Division Two.

May 10, 1988.

Rehearing Denied June 8, 1988.

Vincent D. Vogler, Jr., St. Louis, for defendant-appellant.

Ettie Lee Collier, St. Louis, for plaintiff-respondent.

DOWD, Judge.

Appellant Jones appeals following the order of the trial court granting plaintiff-respondent summary judgment in the sum of $17,453.78 plus court costs in a suit on account in which respondent Saslow sought recovery for goods, wares, labor and other

services provided to Jones by Saslow from January 1979 to December 1982. We affirm the circuit court's judgment.

The facts leading up to the granting of the summary judgment by the trial court are as follows. Upon Jones' attorney filing an entry of appearance with Saslow on February 22, 1986, Saslow thereafter served its first request for admissions and interrogatories. Six weeks after serving Saslow with his entry of appearance, Jones' attorney filed his entry of appearance with the trial court on April 11, 1986 and his answer on July 16, 1986. After Jones' failure to respond to Saslow's request for admissions served upon him on February 24, 1986 and October 2, 1986, Saslow filed its motion for summary judgment and suggestions in support of motion for summary judgment on November 10, 1986. The hearing date for the motion was January 5, 1987 and Jones was properly notified concerning this motion. On the date of the hearing and over the objections of Saslow, Jones was granted leave to file answers to the interrogatories and the request for admissions. Jones included in his filed answers to the written interrogatories and admissions on January 6, 1987 statements claiming he was without sufficient knowledge to admit or deny the requests except for his denial of purchasing an air compressor. Moreover, Jones did not dispute the invoices provided by Saslow during his deposition of April 9, 1987.

Since Jones only disputed the charge for an air compressor in his discovery responses and his deposition testimony, Saslow filed a motion for partial summary judgment on May 4, 1987 and requested judgment for all items included in the invoices except for the disputed air compressor. The original hearing date was rescheduled twice, once because of Jones' requests for extension of time in order to permit testimony in opposition of the motion and the second time because of his failure to appear. On July 10, 1987, the trial court sustained Saslow's motion for partial summary judgment. Jones never questioned the jurisdiction of the trial court at any time during the hearings.

On July 20, 1987, Jones filed a motion to set aside the order granting partial summary judgment. Saslow's response included a waiver of its claim of the disputed air compressor in addition to a request for a final judgment to be entered. On July 29, 1987 the trial court entered a final judgment. Jones filed a petition for writ of prohibition which was denied by this court on August 18, 1987.

On appeal, appellant contends this court does not have jurisdiction over this matter because of respondent's attorney filing a first amended petition on February 17, 1987 and having a summons issued without ever serving appellant the amended petition. Appellant argues the amended petition attempts to join him in the suit as an additional defendant in his individual capacity, and thus, affects the finality of the judgment.

The trial court's judgment is against Jones in his corporate capacity, not his individual capacity. Moreover, on March 21, 1987 Saslow dismissed without prejudice its cause of action against Jones in his individual capacity.

■ Appellant incorrectly contends we do not have jurisdiction over this matter because respondent's attorney filed a first amended petition without serving him. Respondent's attorney never signed the amended petition and so this amended petition violates Rule 55.03 which provides: "Every pleading, motion, and other paper of a party represented by an attorney shall be signed by at least one attorney of record in his individual name.... If a pleading, motion, or other paper is not signed, it shall be stricken...." Not only was the amended petition not signed, this petition was never served upon Jones. This lack of service violates Rule 43.01 which provides: "Every pleading subsequent to the original petition ... that by statute, court rule or order ... is required to be served shall be served upon each of the parties affected thereby...." Saslow's original petition has not been abandoned by Saslow's filing of a defective amended petition. Missouri courts have long held that when a party files an amended petition which is complete

in itself, the party abandons his former petition and all matters not referred to or incorporated into the amended petition. *Adams v. Lederle Laboratories,* 569 F.Supp. 234, 239 (W.D.Mo.1983); *Hutchins v. Priddy,* 103 F.Supp. 601, 604–07 (W.D.Mo.1952); *Laux v. Motor Carriers Council of St. Louis, Inc.,* 499 S.W.2d 805, 809 (Mo.1973). We find the trial court had jurisdiction to act in this case, and therefore, Saslow's original petition was not abandoned by its filing of a defective amended petition. Point one is denied.

In his next point on appeal Jones contends we do not have jurisdiction in this matter as a result of the trial court's orders being void because of its lack of jurisdiction. Since we concluded Saslow's original petition was not abandoned by its filing of a defective amended petition, we need not address this contention. The trial court properly granted its summary judgment entry because no disputed issues of material facts existed, and Saslow was entitled to summary judgment as a matter of law. Rule 74.04.

 Appellant's third and fourth points [1] are not preserved for appellate review. These points fail to show wherein and why the trial court erred and therefore violate Rule 84.04(d). *Thummel v. King,* 570 S.W.2d 679, 685 (Mo. banc 1978). Appellant's contentions are deemed abandoned, because he failed to develop these points in the argument portion of the brief or cite any authority in support of his contentions of error. *Thummel, supra,* at 687; *In re Marriage of Roedel,* 550 S.W.2d 208, 211 (Mo.App.1977); *Boswell v. Steel Haulers, Inc.,* 670 S.W.2d 906, 912 (Mo. App.1984); Rule 84.04(c), (d). Likewise, appellant's discussion of points three and four within the argument portion of his brief under point five preserves nothing for ap-

pellate review. His inclusion of these points in the argument section which does not follow the point relied on does not preserve these points for appellate review. *State v. Flynn,* 541 S.W.2d 344, 348 (Mo. App.1976); Rule 84.04(d), (e).

In appellant's last point on appeal he contends the trial court improperly changed its order granting a partial summary judgment from an interlocutory order to a final order in its ruling denying appellant's motion to set aside the interlocutory order granting partial summary judgment.

Rule 74.04(b), (d) empowers a court to enter an interlocutory order granting a partial summary judgment. In the case at bar the only genuine issue of material fact was whether Saslow could recover from Jones the charges made for the disputed air compressor. Saslow waived his claim of charges for the disputed air compressor and requested the trial court to enter a final judgment excluding his claim to this charge. In accordance with Rule 74.04(c), the trial court entered a final judgment order because no genuine issue of material fact existed, and therefore, Saslow was entitled to a judgment as a matter of law.

For the foregoing reasons, the trial court's judgment is affirmed.

STEPHAN, P.J., and PUDLOWSKI, J., concur.

---

1. Appellant's third and fourth points read as follows:

ISSUE III
THE TRIAL COURT ERRED IN GRANTING THE MOTION FOR PARTIAL SUMMARY JUDGMENT BECAUSE THERE WERE GENUINE ISSUES OF MATERIAL FACTS REMAINING TO BE TRIED.
[no cases cited]

ISSUE IV
THE TRIAL COURT'S GRANTING OF THE PARTIAL SUMMARY JUDGMENT WAS AGAINST THE WEIGHT OF THE EVIDENCE, CAPRICIOUS AND IN EXCESS OF ITS JURISDICTION, PURSUANT TO MISSOURI SUPREME COURT RULES 84.22 TO 84.26, INCLUSIVE, AND RULE 97.
[no cases cited]