June PEREZ, Appellant,

v.

BOATMEN'S NATIONAL BANK OF ST. LOUIS, Respondent.

No. 56532.

Missouri Court of Appeals, Eastern District, Division Five.

March 6, 1990.

Motion for Rehearing and/or Transfer to Supreme Court Denied April 11, 1990.

Alan G. Kimbrell, St. Louis, for appellant.

Robert M. Susman, St. Louis, for respondent.

DOWD, Presiding Judge.

Plaintiff appeals the dismissal of certain counts of her petition against Boatmen's National Bank. We affirm.

In June and July of 1986, appellant June Perez placed $20,000 into an account at Boatmen's Bank in the name of Platinum Images Marketing Concepts, Inc. The account allowed withdrawal at the request of two of the three signatories, who were appellant, her husband Richard Perez, and defendant Thomas Merta. This corporation did not exist at the time the account was formed, but Merta told appellant he would form the corporation and, according to the petition, that he would issue her 20% of the corporate stock. The corporation was formed, but no stock was issued. Merta signed an affidavit stating that he and appellant met a number of times to determine how much stock she would receive or if the money would be treated as a loan.

On August 1, 1986, the funds in the account were transferred to a second Boatmen's account to which only defendant Merta had access. The funds so transferred amounted to $4,676.37. Appellant claims Merta accomplished this transfer without a second signature by convincing Boatmen's employee Jeannette Wells that appellant and her husband were crooks who were trying to take Merta's money. Jeannette Wells relayed this information to Boatmen's employee Barbara Gibbons who in turn told appellant. Both Wells and Gibbons filed affidavits saying no such statement was made.

Appellant then filed a petition naming both Boatmen's and Merta as defendants. The claims of the petition follow: Count I–fraudulent misrepresentation (against Merta alone); Count II–conspiracy to convert; Count III–conversion; Count IV–slander; Count V–conspiracy to breach Merta's fiduciary duty to appellant; Count VI–breach of this fiduciary duty; Count VII–an action for money had and received (against Merta alone). Counts II and III were dismissed for failure to state a cause of action on which relief could be granted. Appellant moved for summary judgment on Count VII, the action for money had and received; that motion was granted and the court ordered Merta to pay appellant $20,-000 plus interest and also dismissed the remaining counts against Merta. Boatmen's moved for summary judgment on Count IV, slander, because the defamatory statements were only made by one employee to another and not republished to a third party. The motion was sustained. The court later dismissed the final two counts, V and VI, because by recovering for money had and received, appellant waived any tort action arising from the same facts.

Appellant now presents four points on appeal: 1) the court erred in dismissing Count II against Boatmen's because the alleged facts constituted a tort, not a breach of contract; 2) the court erred in granting summary judgment on Counts V and VI because the acts complained of were distinct and separate from the action for money had and received and involved different conduct; 3) the court erred in granting summary judgment on the slander count; and 4) the court erred in dismissing Count II as to Boatmen's because appellant properly pleaded conversion.

Appellant's first point relied on claims the trial court erred in dismissing Count II, conspiracy to convert funds, "for the reason that the object of said conspiracy was to convert plaintiff's funds to the use of Thomas Merta, plaintiff did not lend the funds to Merta, and the bank's knowing participation in Merta's conversion of plaintiff's funds constituted a tort, not a breach of contract." While recognizing the rule that "there can be no conspiracy to commit a tort unless the tort itself was committed," *Stegeman v. First Mo. Bank of Gasconade County*, 722 S.W.2d 349, 354 (Mo.

App.1987), appellant argues that conspiracy was properly pleaded here because it cannot be disputed that Merta converted $4,676.37 of plaintiff's money.

■ There is, however, an additional rule of law that conversion does not lie for a taking of money, only for a taking of chattel. *Gaffney v. Community Federal Savings & Loan Ass'n*, 706 S.W.2d 530, 533 (Mo.App.1986). An exception to this rule exists when plaintiff places funds in the custody of defendant for a specific purpose and defendant diverts them to a different purpose. *Hall v. W.L. Brady Investments, Inc.*, 684 S.W.2d 379, 384 (Mo.App.1984).

■ Appellant argues that the exception applies here. We disagree. While the money in question was intended for a specific purpose, it was not placed in Merta's custody. Under the terms of the account, Merta did not have authority to use the funds without consent of either appellant or her husband. It also appears that the money was not diverted from its purpose. Appellant deposited the money with the expectation that it would be used in the operation of Platinum Images Marketing Concepts and there is no indication on the record that the money was not so used. The fact that appellant did not receive the consideration she expected in return for supplying the funds does not affect the purpose for which the funds were used.

Consequently, it is clear that no tort of conversion occurred and thus there was no conspiracy to commit the tort of conversion. The trial court correctly dismissed this count.

Appellant's second point claims the court erred in summarily dismissing Counts V and VI, conspiracy to breach and aiding Merta in breaching his fiduciary duty, because these claims were not inconsistent with the action against Merta for money had and received.

■ When a defendant receives money in trust for a plaintiff and does not live up to the trust, the plaintiff may sue either for the breach of trust in tort or for the money had and received. *Alarcon v. Dickerson*, 719 S.W.2d 458, 461 (Mo.App.1986). An action for money had and received is proper where defendant received money from plaintiff "under circumstances that in equity and good conscience call for him to pay it to plaintiff." *Ryan v. Tinker*, 744 S.W.2d 502, 504 (Mo.App.1988). Such an action sounds in contract and waives all torts arising from the same conduct. *Hilderbrand v. Anderson*, 270 S.W.2d 406, 410 (Mo.App.1954).

■ In general, where a plaintiff can choose to proceed in tort or contract on a course of conduct involving two possible defendants and he chooses to proceed to a final judgment against one defendant in contract, he may not later attempt to pursue a tort action against the second defendant; the initial waiver of tort waived tort for all purposes. *Stambaugh v. Wedlan*, 371 S.W.2d 361, 363 (Mo.App.1963).

> While the mere waiver of a tort is neither a ratification of it nor an admission of its nonexistence, analogous to the effect of an election between inconsistent remedies ... one waiving a tort and suing in contract makes such a binding election of remedy as cannot be reconsidered.... Plaintiff cannot thereafter treat the action brought as if it were a tort action, or bring an action of tort with regard to the same cause of action....
>
> By waiving the tort and suing in contract, a party necessarily waives the entire tort, and cannot recover part of his damages in contract and afterward maintain an action in tort for the balance, and it is not only with regard to defendant in the action brought that the waiver operates, but as regards others as well, a waiver of the tort and an action in contract brought against one of several tortfeasors precluding a subsequent action in tort against the others who were not parties to the first action.

1A. C.J.S. 2d Actions 123 p. 532.

■ The doctrine of election of remedies, mentioned in the above quote, is a similar theory which applies to prevent pursuit of two inconsistent remedies. *Clayton Brokerage Co. of St. Louis, Inc. v. Pilla*, 632 S.W.2d 300, 305 (Mo.App.1982). The

doctrine applies when pursuit of one cause of action requires an affirmance of facts which are inconsistent with pursuit of the second cause of action. *Id.* The purpose of the doctrine is to prevent double recovery for a single wrong. *Twellman v. Lindell Trust Co.,* 534 S.W.2d 83, 94 (Mo.App. 1976).

Appellant's argument on this point only discusses election of remedies and does not address waiver of tort by pursuing contract nor does it address the fact that the tort action here would allow double recovery for the same set of facts. Appellant's attempt to characterize the facts as involving two separate wrongs is not persuasive. The petition claimed that in accepting the $20,000 to start a corporation, Merta undertook a fiduciary duty which he breached by transferring the $4,676.37 to a separate account and that respondent assisted him in breaching this duty. Appellant does not identify any fiduciary duty on respondent's part. The facts supporting the action for money had and received are that Merta accepted $20,000 from appellant with the expectation that appellant would receive something in return, be it stock as appellant claims or repayment, and Merta failed to compensate appellant. Part of this fact pattern is that the final $4,676.37 was removed from appellant's control by transfer to another account. Thus the facts supporting a breach of fiduciary duty, the transfer, are an operative part of the action for money had and received. In addition, the $4,676.37 is a part of the $20,000 and recovery for the transfer as a separate action would amount to double recovery. It is clear that appellant made a choice to proceed to final judgment under a contract theory and having done so she cannot seek to obtain double recovery by pursuing a tort action.[1]

Appellant's third point relied on claims the trial court erred in dismissing the slander count because there was a publication of the defamatory statement and because respondent was not entitled to plead qualified or conditional privilege.

Publication of the defamatory statement to a third person is a required element of slander. *Jones v. Pinkerton's, Inc.,* 700 S.W.2d 456, 458 (Mo.App.1985). In the context of a business, however, repetition of a defamatory statement will not constitute publication when the business is merely communicating with itself. *Snodgrass v. Headco Industries, Inc.,* 640 S.W.2d 147, 160 (Mo.App.1982). The rule as originally stated by the Missouri Supreme Court is that "communications between *officers* of the same corporation in the due and regular course of the corporate business, or between different *offices* of the same corporation, are not publications to third persons." *Hellesen v. Knaus Truck Lines,* 370 S.W.2d 341, 344 (Mo. 1963). (emphasis added.)

The communication involved here was between two employees of different branches of the bank. Admittedly, the situation is different than that of *Hellesen,* where the communication merely consisted of the corporation placing a memorandum in its own files, but we feel the law should apply nonetheless. To hold otherwise would be illogical in this situation. If appellant's claims are true, Merta made these statements to Jeannette Wells to induce her to transfer the funds without a second signature. It follows that at some point Ms. Wells would be required to repeat this statement to explain her actions to the bank and it is clear that this statement would be a matter of internal communication. There is no indication that Wells' statement to Gibbons was anything but a matter of intra-office communications. In fact, it is quite possible that appellant's investigation necessitated this communication. Under these circumstances, the statement cannot be considered a publication to a third person. Consequently, there was no slander and we need not address the question of whether or not a qualified privilege existed.

Appellant's purpose in attempting to raise her fourth point on appeal is unclear.

---

1. The theory of waiver would also have applied to bar the conversion action subsequent to the successful action for money had and received. 1A C.J.S. 2d Actions § 110 p. 521.

The point claims the court erred in dismissing Count III because appellant properly pleaded conversion. The entire argument in support of this point is reproduced:

In *Fleischmann v. Mercantile Trust Co. Nat'l Ass'n*, 617 S.W.2 73 (Mo. banc 1981), the bank transferred funds from plaintiff's checking account to pay for overdue bank credit card charges. Although the case is factually quite distinguishable, there is language in the majority opinion which supports the trial court's action on Count III. However, plaintiff wishes to preserve this issue for possible further appeal.

 This court fails to understand what "possible further appeal" appellant refers to but she has clearly failed to preserve the point for this court's review. The mere contention that the petition stated a claim on which relief could be granted is too vague to raise an issue for appeal. *Miller v. Ford Motor Co.*, 732 S.W.2d 564, 565 (Mo.App.1987). In addition, the failure to develop any argument or cite any caselaw in support of the point renders it abandoned. *Saslow Dental–St. Louis v. W.H. Jones*, 751 S.W.2d 396, 398 (Mo.App.1988). Since appellant practically concedes that there is no error here and certainly fails to properly brief error, this point is not subject to our consideration. Even if this point were before us, our discussion under Point I mandates denial.

The judgment of the trial court is affirmed.

SIMON, C.J., and HAMILTON, J., concur.