Alexander J. ORROCK, Jr., and L. Charlene Orrock, Plaintiffs/Appellants,

v.

CROUSE REALTORS, INC., Defendant/Respondent.

No. 59897.

Missouri Court of Appeals, Eastern District, Division One.

Oct. 29, 1991.

Richard J. Zalasky, Steven J. Hughes, Rabbitt, Pitzer & Snodgrass, St. Louis, for plaintiffs/appellants.

Robert J. Guinness, Thompson & Mitchell, St. Charles, for defendant/respondent.

CRANE, Judge.

Plaintiffs Alexander J. Orrock, Jr. and L. Charlene Orrock appeal from the order of the Circuit Court of Lincoln County sustaining the motion of defendant Crouse Realtors, Inc. for summary judgment in their

action for breach of a residential sales contract and negligent and intentional misrepresentations in connection therewith. Defendant's motion alleged that the action, which sought to impose liability on defendant as a result of the acts of its agent, Michael Flynn, was barred because plaintiffs had previously obtained judgment against the agent for those acts. We reverse.

Prior to the filing of this petition, plaintiff filed a petition in St. Louis County against defendant Crouse, another real estate agency, and Crouse's agent Michael Flynn. This petition alleged that defendant Crouse, acting through its agent Michael Flynn, breached a residential sales contract between the parties and made intentional and negligent misrepresentations with respect to the quality of the residence being purchased. On January 9, 1989, the plaintiffs took a default judgment against Flynn on the breach of contract count and the intentional misrepresentation count and dismissed all claims against Crouse and the other real estate company.

On November 21, 1990 plaintiffs filed this action in Lincoln County naming Crouse as the sole defendant. The Lincoln County petition again alleged that Crouse, acting through its agent Flynn, breached a residential sales contract between the parties and made intentional and negligent misrepresentations. Defendant Crouse moved for summary judgment on the grounds that the previous judgment against the agent constituted an election of remedies and thus barred the claim against Crouse as principal. Crouse did not allege in his motion that the judgment was satisfied and nothing else in the record indicates that the judgment was satisfied. Therefore, for the purposes of this motion, we assume the prior judgment is unsatisfied.

■ For their sole Point Relied On, plaintiffs claim the trial court erred in "sustaining the motion for summary judgment because genuine issues of material fact existed in the lawsuit at the time the motion was sustained and defendant was not entitled to judgment as a matter of law." This point states only an abstract proposition of law. It fails to state wherein and why the trial court erred and thus does not comply with Rule 84.04(d). *Thummel v. King*, 570 S.W.2d 679, 685 (Mo. banc 1978). Notwithstanding the failure of the Point to comply with the rules, we will consider the issue raised in the argument portion of the brief in order to review and determine the issues on the merits.

■ On review of summary judgment, we view the record in the light most favorable to the party against whom summary judgment was granted, determine if any genuine issue of material fact exists which would require trial and determine if the judgment is correct as a matter of law. If the judgment is sustainable as a matter of law under any theory, it will be affirmed. *Kutz v. Cargill, Inc.*, 793 S.W.2d 622, 624 (Mo.App.1990). We find that the judgment is not sustainable as a matter of law because the judgment against the agent does not, under the undisputed facts, constitute an election of remedies with respect to either the intentional misrepresentation count or the breach of contract count.

■ The prior judgment was based upon one count of intentional misrepresentation and one count of breach of contract. We first consider whether the entry of judgment against the agent on the intentional misrepresentation count constitutes an election of remedies which bars a subsequent action for intentional misrepresentation against the principal for misrepresentations made by that agent. The applicable rule is that if there is election to pursue one of two inconsistent theories, mere entry of judgment bars suit on the second theory. However, if there is an election between two consistent theories, only satisfaction of a judgment bars proceedings under the second theory. *Davis v. Hauschild*, 243 S.W.2d 956, 959–60 (Mo.1951).

■ This case does not involve an election of inconsistent remedies. The test of inconsistency is that one theory of recovery must allege what the other denies, or that the theory of one must be repugnant to the other. *Johnson v. Hyster Co.*, 777 S.W.2d

281 (Mo.App.1989). The plaintiffs obtained judgment against the agent and now bring suit against the principal under the same theories of law. Under these principles it is clear that "[A] person injured by the act of an agent for which the principal is liable can bring separate actions against either one." Seavey, *Agency* § 95, p. 170 (1964 Hornbook Edition).

Since the remedies against the principal and agent were consistent, only satisfaction of the claim against the agent would bar an action on the same claim against the principal. *Davis*, 243 S.W.2d at 959–60. "If the principal is liable solely because of the agent's conduct ... the satisfaction of judgment against one of them bars an action against the other." Seavey, *supra.* Since the judgment against the agent on the intentional misrepresentation count was not satisfied, an action against the principal on this theory is not barred.

We next consider the breach of contract count. Defendant Crouse argues that the action against it was barred by the entry of judgment against its agent, citing *Stambaugh v. Wedlan*, 371 S.W.2d 361, 362–63 (Mo.App.1963), for the rule that "a person who has dealt with an agent of an undisclosed principal may elect to hold either the agent or principal [liable], he cannot hold both." While this is a correct rule of law, it applies only where the principal is undisclosed. An undisclosed principal is discharged from liability upon a contract if the third party, knowing the identity of the principal, obtains a judgment for breach of contract against the agent who made the contract. Restatement (Second) of Agency § 210 (1957); 3 C.J.S. *Agency* § 416 (1973). This is because the liability of the agent and the undisclosed principal is an alternative and not a joint liability. *Kraehe v. Dorsey*, 432 S.W.2d 367, 371 (Mo.App.1968). It is clear from the pleadings that the St. Louis County action against Flynn was not premised on Crouse being an undisclosed principal.

Where the principal is disclosed, other rules govern the effect of the previous judgment. *See* Restatement (Second) of Agency § 184 comments a, b (1957); *Lub-bock Feed Lots, Inc. v. Iowa Beef Processors, Inc.*, 630 F.2d 250, 275 (8th Cir.1980). The application of these rules depends on the basis for the agent's contractual liability in the prior action. It is significant whether the agent was a party to the contract, and, if so, whether the agent was a joint contractor with the principal or if the third unsatisfied party had a separate contract with each. In either case, an unsatisfied judgment does not bar the third party from proceedings against the principal. "Recovery of judgment against the agent of a disclosed or partially disclosed principal for failure of performance of a contract to which the agent is a party does not thereby discharge the principal." Restatement (Second) of Agency § 184; *National Trout Festival, Inc. v. Cannon*, 32 Mich.App. 517, 189 N.W.2d 69 (1971). "If the agent is separately liable, the other party has two separate causes of action although based upon the same claim and only satisfaction of the judgment against the agent terminates the liability of the principal." *Restatement, supra,* § 184, comment c. Because the principal was disclosed, the trial court erred in granting summary judgment. *Zingheim v. Marshall*, 249 Cal.App.2d 736, 748–749, 57 Cal.Rptr. 809, 816 (1967); *Clifton Cattle Company v. Thompson*, 43 Cal.App.3d 11, 17, 117 Cal.Rptr. 500, 503–04 (1974); *Wheaton Lumber Co. v. Metz*, 229 Md. 78, 83–86, 181 A.2d 666, 669, 671 (1962).

The judgment of the trial court is reversed and the case is remanded.

REINHARD, P.J., and GARY M. GAERTNER, J., concur.