# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-2224

_____

|  |  |  |
|---|---|---|
| Kforce, Inc., | * |  |
|  | * | Appeal from the United States |
| Plaintiff-Appellant, | * | District Court for the |
|  | * | Eastern District of Missouri. |
| v. | * |  |
|  | * |  |
| Surrex Solutions Corporation, | * |  |
|  | * |  |
| Defendant-Appellee. | * |  |

_____

Submitted: December 16, 2005
Filed: February 9, 2006

_____

Before BYE, BOWMAN, and GRUENDER, Circuit Judges.

_____

BYE, Circuit Judge.

Kforce, Inc. (Kforce) appeals a final order from the district court[1] granting summary judgment to Surrex Solutions Corporation (Surrex). We affirm.

_____

[1]The Honorable Stephen N. Limbaugh, United States District Judge for the Eastern District of Missouri.

I

Kforce and Surrex are competitors. They provide personnel staffing solutions in the information technology industry. In January 2004, Kforce's St. Louis account manager, Richard Albert, resigned. In March 2004, Kforce discovered Albert accepted a position with Surrex, in violation of the non-compete agreement between Albert and Kforce.

Kforce filed suit in state court against Albert in Kforce, Inc. v. Richard A. Albert, Cause No. 04CC-001327, Division No. 32 (St. Louis County Cir. Ct. May 18, 2004) (Kforce I). The parties settled and the court entered a Final Judgment and Permanent Injunction on May 18, 2004. The judgment included liquidated damages in the amount of $20,000 and made no mention of attorneys' fees.

On May 28, 2004, Kforce filed this action against Surrex in federal court, Kforce, Inc. v. Surrex Solutions Corp., No. 4:04-CV-669-SNL (E.D. Mo. March 28, 2005) (Kforce II). It alleged violations of state law including tortious inference with contract, conspiracy to breach contract, and violation of the Missouri Uniform Trade Secrets Act (MUTSA), Mo. Ann. Stat. §§ 417.450-.467 (West 2006). Pursuant to the Missouri collateral litigation doctrine, it also claimed attorneys' fees it spent enforcing the non-compete agreement against Albert in Kforce I.

The district court granted Surrex's motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). It first concluded the election of remedies did not apply and thus did not bar the suit because the theories of recovery were consistent with one another—but a doctrine prohibiting double recovery did bar the claims. Second, the district court found res judicata barred Kforce's claims. Third, it held the collateral litigation exception was inapplicable.

## II

We review a district court's dismissal de novo. <u>Stone Motor Co. v. General Motors Corp.</u>, 293 F.3d 456, 464 (8th Cir. 2002) (citations omitted). "'In determining whether the district court properly granted the motion, we must accept all of the allegations set forth in [the plaintiff's] complaint as true, and we will affirm only if it appears beyond doubt that he cannot prove any set of facts in support of his claim which would entitle him to relief.'" <u>Id.</u> (alteration in original) (quoting <u>Sisley v. Leyendecker</u>, 260 F.3d 849, 850 (8th Cir. 2001)).

### A

It is well settled in Missouri that a party cannot be compensated for the same injury twice. <u>E.g.</u>, <u>Ross v. Holton</u>, 640 S.W.2d 166, 173 (Mo. Ct. App. 1982). In <u>Perez v. Boatmen's National Bank of St. Louis</u>, 788 S.W.2d 296, 299 (Mo. Ct. App. 1990), the court held:

> In general, where a plaintiff can choose to proceed in tort or contract on a course of conduct involving two possible defendants and he chooses to proceed to a final judgment against one defendant in contract, he may not later attempt to pursue a tort action against the second defendant; the initial waiver of tort waived tort for all purposes.

Similarly, in <u>Norber v. Marcotte</u>, 134 S.W.3d 651, 661 (Mo. Ct. App. 2004) (citations omitted), the court held:

> A party cannot be compensated for the same injury twice. . . . whether the injury arises out of contract or tort. Although a plaintiff is entitled to proceed on various theories of recovery, he or she cannot receive

duplicative damages; instead he or she must establish a separate injury on each theory. While a single transaction may invade more than one right, a plaintiff may not be made more than whole or receive more than one full recovery for the same harm.

Here, the course of conduct was Albert's breach of the non-compete agreement, and the damages in both cases arose directly from the breach. As the district court held: "While Albert and Surrex may have acted independently in committing separate and distinct wrongful acts, such acts caused an indivisible injury . . ."

Further, the actual and compensatory damages sought in Kforce I and Kforce II are the same. In Kforce I, Kforce sought injunctive relief and damages for breach of the non-compete agreement. The injunctive relief is not at issue here. Regarding damages for breach of contract, "[u]nder the contract claim the injured party can recover actual damages for the direct and natural consequences of the breach, or for damages that were within the contemplation of the contracting parties." Ross, 640 S.W.2d at 173. Kforce alleged the contract breach damaged Kforce by soliciting and diverting business from Kforce's clients and forcing it to expend attorneys' fees to enforce the non-compete agreement. The non-compete agreement also contemplates damages due in part to the "training and access to trade secrets provided . . . to Employee."

In Kforce II, Kforce sought relief for tortious interference with contract, civil conspiracy, and violation of MUTSA. Kforce sought damages under a theory of tortious interference for its lost business from one or more of its customers doing business with Surrex, attorneys' fees expended in Kforce I, and punitive damages. The damages recoverable for intentional interference are: the pecuniary loss of the benefits of the contract; consequential losses for which the interference is the legal cause; and, emotional distress or actual harm to reputation if they are reasonably

expected to result from the interference. Restatement (Second) Torts § 774 A (cited in <u>Ross</u>, 640 S.W.2d at 173). Kforce sought damages under a theory of civil conspiracy for attorneys' fees related to <u>Kforce I</u>, the loss of business from losing customers and their business due in part to misappropriating goodwill and confidential information, and punitive damages. Kforce sought damages under the MUTSA for the misappropriation of confidential trade secret information (such as customer contact information and the needs and preferences of its customers) that Albert disclosed to Surrex, as well as punitive damages.

Therefore, regarding actual and compensatory damages, Kforce is seeking the same damages from the same transaction in <u>Kforce II</u> as it sought in <u>Kforce I</u>. "The nexus between the two [sets of] causes of action is the breach of the contract[;] . . . [t]his is the element from which the injured party's actual damages flow on both the contract and tort claims." <u>Ross</u>, 640 S.W.2d at 173. As to the actual and compensatory damages from the tortious interference and conspiracy claims, Kforce is seeking coextensive damages with the first litigation (with the exception of punitive damages) because such tort damages are the direct and natural consequences of the breach as per the contract claim. Actual and compensatory damages for misappropriation of trade secrets "can include both the actual loss caused by misappropriation and the unjust enrichment caused by misappropriation that is not taken into account in computing actual loss," Mo. Ann. Stat. § 417.457 (West 2006), and are similarly thus coextensive with the contract claim.

Although Kforce claims it neither received attorneys' fees[2] nor alleged punitive damages in Kforce I,[3] this is irrelevant under Perez.  It received a full recovery under a contract claim and cannot now pursue a tort or MUTSA action for the same injury arising from the same course of conduct.  Thus, the district court correctly dismissed Kforce II.  Because we affirm the district court on this basis, we need not address Kforce's claim the district court improperly found res judicata barred Kforce II.

B

Kforce also argues the district court erred in finding the collateral litigation exception did not apply.  "The general rule is that 'absent statutory authorization or contractual agreement, with few exceptions, each litigant must bear his attorney's fees.'  The few exceptions [include] . . . where the natural and proximate result of a breach of duty is to involve the wronged party in collateral litigation."  Mo. Prop. & Cas. Ins. Guar. Ass'n v. Pott Indus., 971 S.W.2d 302, 306 (Mo. 1998).  When "the natural and proximate result of a wrong or breach of duty is to involve the wronged party in collateral litigation, reasonable attorney's fees necessarily and in good faith

---

[2] However, as the district court noted, the non-compete agreement provided for attorneys' fees should the employer bring a court action and prevail in any aspect of such action.  Whether attorneys' fees were included in the liquidated damages award, they were available to Kforce in Kforce I and there was a full recovery.

[3] "Missouri follows the general rule that no punitive damages can be awarded absent an award of actual or nominal damages."  Williams v. Williams, 99 S.W.3d 552, 556 (Mo. Ct. App. 2003) (citations omitted).  Thus, when there is a full recovery in the first action there are no actual or nominal damages recoverable in a later suit to attach punitive damages to, regardless of whether punitive damages were available in the first litigation.

incurred in protecting [one]self from the injurious consequence thereof are proper items of damages." <u>Id.</u> (citation omitted).

Without addressing the underlying merits of the collateral litigation claim, we find Missouri law implicitly provides, although no Missouri court has so explicitly held, the collateral litigation doctrine does not afford a separate cause of action and instead provides a party may recover attorneys' fees expended in a prior action in a collateral action. In <u>City of Cottleville v. Charles County</u>, 91 S.W.3d 148, 151 (Mo. Ct. App. 2002), the court held "the collateral litigation exception allows a plaintiff, in a case alleging a breach of duty against a defendant, to recover the attorneys' fees." Implicitly, the cause of action is the breach of duty and not a claim for attorneys' fees under the collateral litigation doctrine. Moreover, previous Missouri cases involve causes of action other than a claim under the collateral litigation doctrine.

This follows from a reading of the doctrine, stating the "result of a wrong or breach of duty is to involve the wronged party in collateral litigation, reasonable attorney's fees . . . incurred in protecting [one]self from the injurious consequence thereof are proper . . . damages." <u>Mo. Prop.</u>, 971 S.W.2d at 306 (citation omitted). Here, the result of Surrex's wrong was to involve the wronged party, Kforce, in the collateral litigation against Albert, <u>Kforce I</u>. Hence, if Kforce could now maintain a suit against Surrex, attorneys' fees would be proper *damages*—not a proper cause of action.

III

For the reasons stated above, the judgment of the district court is affirmed.

_____

-7-