# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-3347

_____

| | | |
|---|---|---|
| Shirley Medical Clinic, P.C., | * | |
| | * | |
| Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the Southern |
| | * | District of Iowa. |
| United States of America; | * | |
| Commissioner of Internal Revenue | * | [UNPUBLISHED] |
| Service, | * | |
| | * | |
| Appellees. | * | |

_____

Submitted: May 16, 2007
Filed: July 6, 2007

_____

Before BYE, BEAM, and SMITH, Circuit Judges.

_____

PER CURIAM.

Shirley Medical Clinic, P.C. (SMC) appeals the adverse judgment of the district court,[1] which granted the United States' motion to dismiss SMC's complaint for declaratory judgment for failure to state a claim upon which relief may be granted. After a de novo review, Kforce, Inc. v. Surrex Solutions Corp., 436 F.3d 981, 983 (8th Cir. 2006), we affirm.

_____

[1]The Honorable Robert W. Pratt, Chief Judge, United States District Court for the Southern District of Iowa.

In the early 1990s, SMC loaned funds to Public Safety Group, Inc. (PSG). SMC filed a financing statement in 2001 which indicated PSG provided as collateral for the loan, inter alia: "proceeds from any lawsuit due or pending." PSG employed Tom and Karen Conley. In 1999, PSG sued the Conleys to recover missing PSG funds. In August 2005, judgment entered in favor of PSG against the Conleys for breach of fiduciary duty. The Internal Revenue Service (IRS) later seized PSG's interest in its judgment against the Conleys.

In February 2006, SMC filed an action seeking a judgment under 26 U.S.C. § 7426(a)(1) declaring SMC had an interest superior to the IRS in PSG's judgment against the Conleys. The district court determined SMC had no interest in PSG's judgment because under Iowa law security interests in commercial tort claims must be described with greater specificity than simply "all tort claims." The district court found the judgment against the Conleys arose from a commercial tort claim—breach of fiduciary duty through misappropriation of funds as a result of fraudulent expense claims and unauthorized payment of wages. The district court found the reference to "proceeds from any lawsuit due or pending" as collateral for SMC's loans to PSG in the 2001 financing statement was a description only by type and an insufficient description under Iowa law.

On appeal, and after SMC's opening brief and the United States' response brief were filed, SMC requested permission to file an amended opening brief, arguing, "there is a material mistake of fact in the body of the original Complaint that was just discovered by [SMC]." SMC asserted ¶ 24 of its complaint erroneously stated PSG reacquired all PSG assets in 2004 after a third-party buyer, Lee's Security Agency, defaulted on an installment sale contract between PSG and Lee's. In its motion, SMC stated the complaint should have alleged SMC, not PSG, acquired Lee's assets, which included PSG's judgment against the Conleys.

In its amended brief, SMC abandons its claim of a superior interest in PSG's judgment. SMC argues instead it *owned* the judgment outright in 2004, making the

language of its 2001 financing statement irrelevant, since its security interest was extinguished after it acquired ownership of the judgment. SMC asserts it failed to argue it owned the judgment in the district court because of the error in ¶ 24 of its complaint but suggests the district court should have overcome the error because other documents attached as exhibits to the complaint showed SMC owned the judgment. The United States counters the exhibits to the complaint show ¶ 24 was not "demonstrably wrong."

SMC asks us to reverse the district court because, as SMC now alleges, SMC *owned* PSG's judgment over thirteen months prior to the filing of the IRS lien on the judgment, and the IRS had no authority to place a lien on SMC property. Despite claiming to have owned the judgment in 2004, SMC's newly minted theory of the case was not raised in SMC's complaint, in any other paper filed in the district court, or in its opening brief to this court. Finding no extraordinary circumstances justify SMC's failure to present its ownership argument below, we decline to consider it on appeal. See Richardson v. Sugg, 448 F.3d 1046, 1059 (8th Cir. 2006) (noting we do "not consider arguments raised for the first time on appeal" (quoting Alexander v. Pathfinder, Inc., 189 F.3d 735, 742 (8th Cir. 1999)); see, e.g., Snider v. United States, 468 F.3d 500, 512 (8th Cir. 2006) (declining "to broadly review issues not raised and ruled upon by the district court"); Oti Kaga, Inc. v. S.D. Hous. Dev. Auth., 342 F.3d 871, 879 (8th Cir. 2003) (affirming district court's judgment after finding position argued to district court abandoned in favor of a new argument raised for the first time on appeal where no extraordinary circumstances present).

Accordingly, we affirm.[2]

_____

_____

[2]Pursuant to 26 U.S.C. § 7426(e), the court dismisses as improper the appeal brought directly against the Commissioner of the Internal Revenue Service.

-3-