### Excell LOVELACE and Kim Lovelace, Appellants,

v.

### LONG JOHN SILVER'S, INC., Jolena Swofford, Marsha Alumbaugh, Maria Warger,[1] Respondents.

### No. WD 45035.

Missouri Court of Appeals, Western District.

July 21, 1992.

Rehearing Denied Sept. 1, 1992.

1. The claim against defendant Maria Warger was dismissed with prejudice by the plaintiffs after submission and opinion.

Gwen G. Caranchini, Kansas City, for appellants.

William Terrence Kilroy and Thomas A. Sheehan, Shughart, Thomson & Kilroy, Kansas City, for respondents.

Before SHANGLER, P.J., and KENNEDY and SMART, JJ.

SHANGLER, Presiding Judge.

The plaintiffs Excell and Kim Lovelace brought a petition in fourteen counts against Long John Silvers, Inc. and three of its employees: Jolena Swofford, Maria Warger and Marsha Alumbaugh. The petition pleads that in December of 1990, defendants Swofford, Warger and Alumbaugh made oral and written defamatory statements to Long John Silvers [LJS] management that Excell Lovelace, an LJS manager, had sexually harassed them during the course of their employment with LJS. Excell brought separate counts in slander and libel as to each, Swofford, Warger and Alumbaugh, and sought actual and punitive damages for each incident of defamation. Kim brought separate counts for loss of consortium as to each of the employee defendants, and sought actual damages for each incident of defamation.

Excell brought a separate count against LJS in slander for defamatory statements by the corporate employer's managers to

subordinate employees concerning him, and sought actual and punitive damages. Kim brought a separate count against LJS for loss of consortium and sought actual damages.

The defamations alleged against Swofford were oral and written statements to LJS management that Excell had sexually harassed her by asking Swofford on a date, which was unwelcome to Swofford, and which Excell knew was unwelcome to Swofford. Warger's oral and written statements to LJS management were that Excell had placed his arms around her while in the ice box, that it was unwelcome to her, and that Excell knew it was unwelcome to her. The defamation alleged against Alumbaugh were oral and written statements to LJS management that Excell asked her on a date and tried to engage in a closer than normal relationship with her, that these incidents were unwelcome to her, and Excell knew that they were unwelcome to her. The defamations alleged against LJS were statements made by LJS managers to subordinate employees of Excell that Excell had been terminated by LJS, and that he was "not doing things correctly."

The petition alleges that in consequence of these defamations of sexual harassment by Swofford, Warger and Alumbaugh, LJS placed Lovelace on suspension pending investigation, and was then disciplined by LJS and demoted. Lovelace returned to work, but thereafter resigned from LJS.

The petition alleges that the statements made by the defendants were false, that they were known by the speakers to be false when uttered, or were spoken with reckless disregard for whether they were true or false.

The defendants moved to dismiss the petition for failure to state any claim for relief and for lack of subject matter jurisdiction. Rules 55.27(a)(1) and (6). The court sustained the motion on the ground that the petition failed to state a cause of action, and entered judgment of dismissal.

■ On appellate review of a judgment of dismissal of a petition for failure to state a claim, all facts properly pleaded are taken as true and given every reasonable intendment as a valid statement of a claim. When viewed in this light, if the allegations invoke principles of substantive law, which if proved entitles the pleader to relief, the petition suffices and may not be dismissed. *Dillard Dep't Stores, Inc. v. Muegler*, 775 S.W.2d 179, 183[1,2] (Mo.App.1989).

■ On this appeal the Lovelaces argue that the oral and written statements made by defendants Swofford, Warger and Alumbaugh were defamatory. The defendants respond that the statements were not published because they fall within the intra-corporate immunity rule. Indeed, publication of the slanderous or libelous statement is a proof essential to the defamation tort. *Herberholt v. DePaul Community Health Center*, 625 S.W.2d 617, 624[8] (Mo. banc 1981); *Jones v. Pinkerton's, Inc.*, 700 S.W.2d 456, 458[3,4] (Mo.App.1985). If the statements were not published then the claim of defamation fails.

■ The intra-corporate immunity rule was introduced into our jurisprudence in *Hellesen v. Knaus Truck Lines, Inc.*, 370 S.W.2d 341 (Mo.1963). It expresses the rationale that "communications between officers of the same corporation in the due and regular course of the corporate business, or between different offices of the same corporation, are not publications to third persons." *Id.* at 344[5]. The rule rests on the premise that a corporation can only communicate through its employees, the writings prepared in the ordinary course of business and distributed within the corporate structure. Therefore, they are not "publications to third persons" within the required proofs of the defamation tort. *Washington v. Thomas*, 778 S.W.2d 792, 796[1] (Mo.App.1989); *see* W. Prosser, *Handbook of the Law of Torts*, § 69 (4th ed. 1971). Such a mode of acting by a corporation, "is but communicating with itself." *Hellesen v. Knaus Truck Lines, Inc.*, 370 S.W.2d at 344[5]; *Ellis v. Jewish Hosp. of St. Louis*, 581 S.W.2d 850, 851[2,3] (Mo.App.1979).

The Lovelaces argue that our decisions *Hellesen, Ellis,* and *Washington* that have given effect to the intra-corporate immunity rule were validated by a "need to know,"

and were in any event communications between corporate officers, or supervisory personnel, or regulated by statute. The communications by LJS to coemployees of Excell Lovelace and his subordinates, they argue [at least as to their claims against LJS], puts LJS "outside [that] line of cases." They argue that "LJS demonstrated no reason why these individuals had to be given any information at all about E. Lovelace other than that he was on suspension pending investigation."

There is no "need to know" component to the intra-corporate immunity rule. It is a terminology used by the Tennessee court to validate *the extension* of the rule of immunity from defamation as to communications between employees of different corporations, related by contractual obligations. *Woods v. Helmi*, 758 S.W.2d 219 (Tenn. App.1988). Our court of appeals in *Washington v. Thomas*, 778 S.W.2d 792 (Mo. App.1989), discussed the "need to know" formulation of the intra-corporate immunity rule, and concluded that on the record presented there was no "compelling reason for extension of the *Hellesen–Ellis* rule." *Id.* at 798.

The "need to know," even if not as doctrine, impels the intra-corporate immunity rule as its practical premise. Communications between the corporation and its personnel are the only means whereby a corporation can inform itself concerning the performances and conduct of employees in the due and regular course of the corporate business. A corporation has an interest to see that business runs efficiently. The sexual harassment of an employee by a supervisor not only affects the efficiency of the employee and hence of the business but also may incur the legal obligation of the employer to take steps against the practice.

■ The difference between this action and the other cases that have given effect to the intra-corporate immunity rule to preclude the claim of defamation, *Hellesen*, *Ellis* and *Washington*, is that here the suit is against co-employees rather than supervisors or [as to the counts against LJS] the corporation. The intra-corporate immunity rule, by its very formulation, applies not only as to "communications between officers of the same corporation," but also as

"between different offices of the same corporation." *Hellesen v. Knaus Truck Lines, Inc.*, 370 S.W.2d at 344[5]. In either circumstance, the communication made in the "due and regular course of the corporate business" is deemed a communication by the corporation to the corporation itself, and not to a third person within the definition of the defamation tort. *Id.* Solving personnel problems is part of the "due and regular course of the corporate business."

The statements concerning Lovelace made to LJS management, that the pleadings attribute to Swofford, Warger and Arbaugh, fall within the intra-corporate immunity rule. Counts I, III, V, VII, IX and XI of the petition, defamation claims brought by Excell Lovelace against these defendants, do not meet the publication requirement of that tort and were properly dismissed. Counts II, IV, VI, VIII, X and XII of the petition, loss of consortium claims brought by Kim Lovelace against these defendants, were also properly dismissed. A claim for loss of consortium depends for validity upon the claim of the spouse, from which it derives. If the injured person has no claim, then the spouse does not either. *State ex rel. St. Louis Pub. Serv. Co. v. McMullan*, 297 S.W.2d 431, 436[8–10] (Mo. banc 1956). Excell Lovelace has no claim against Swofford, Warger and Alumbaugh, therefore Kim Lovelace has no claim against them.

■ On this appeal the Lovelaces argue that the allegations by Excell Lovelace in Count XIII and of Kim Lovelace in Count XIV suffice in law as statements of claim in defamation and loss of consortium against LJS. The argument contends that allegations in Count XIII not only sufficed as defamations *per se*, but since they were communicated by LJS management personnel to former employees, were not subject to the immunity of the intra-corporate rule and hence constituted publications to third persons. The argument contends also that the allegations of Count XIV were thereby validated as a claim for loss of consortium.

We need not determine whether the statements attributed to LJS were defamatory *per se* or failed as a pleading *per*

*quod. See Greening v. Klamen,* 652 S.W.2d 730, 735[13–16] (Mo.App.1983). The workers' compensation law is wholly substitutional. It supplants all other common law rights of an employee if the act is applicable. *State ex rel. McDonnell Douglas Corp. v. Ryan,* 745 S.W.2d 152, 153[3] (Mo. banc 1988). The circuit court was without jurisdiction of the subject matter of Counts XIII and XIV of the petition. Those counts plead injury to Excell Lovelace arising out of and in the course of employment with LJS. The exclusive remedy for injury or death of an employee from an accident arising out of and in the course of employment is a claim for compensation under Chapter 287, RSMo. *Hannah v. Mallinkrodt, Inc.,* 633 S.W.2d 723, 726[8] (Mo. banc 1982). The Labor and Industrial Relations Commission has the exclusive original jurisdiction to determine the facts that establish jurisdiction. *Id.* The doctrine of primary jurisdiction restrains a court from adjudicating a question within the jurisdiction of an administrative tribunal until that tribunal has rendered decision. *Killian v. J & J Installers, Inc.,* 802 S.W.2d 158, 160[2] (Mo. banc 1991). Whether the injury to employee Lovelace was the result of accident within the meaning of the Workers' Compensation Law so as to preclude any claim against the employer LJS other than a claim under § 287.120, therefore, remains for the determination of the Commission. If the injury Lovelace claims is from an intentional act, then he may proceed outside the Workers' Compensation Law. But that determination remains to be originally made by a tribunal of competent jurisdiction. *Id.*

██ Lovelace acknowledges as much. He argues nevertheless that a rule of law that subjects claims for libel and slander to the preemptive primary jurisdiction of an Administrative Law Judge infringes the right to trial by jury granted in Article I, § 22(a) of the Missouri Constitution [and presumably in Article I, § 8 as well]. Wherever that argument may legitimately lead, it was raised for the first time in the reply brief of the Lovelace appellants, and so comes too late for consideration on review. *Griggs v. Miller,* 374 S.W.2d 119, 126[12,13] (Mo.1963). Constitutional questions must be raised at the earliest possible time in the proceedings. A reply brief is not such a time. *LaRose v. Casey,* 570 S.W.2d 746, 749[1,2] (Mo.App.1978).

The judgment of dismissal is affirmed.

All concur.