Robert F. BLAKE, Plaintiff/Appellant,

v.

The MAY DEPARTMENT STORES
CO. and James Cokley, Defen-
dants/Respondents.

No. 64887.

Missouri Court of Appeals,
Eastern District,
Division Four.

May 31, 1994.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Aug. 23, 1994.

collector in the Famous–Barr Power Dial department. The department had 70 to 75 employees; Cokley was its manager.

In April, 1992, Famous McKinney, another collector in the department, approached Cokley. McKinney said that another employee had told him that plaintiff "had expressed a concern about possibly having AIDS or HIV or something." McKinney stated that "he felt uncomfortable wearing the same headset" as plaintiff.

Cokley went to Jayne Sikyta for advice on how to handle the potential conflict. Sikyta is Famous–Barr's Human Resources Vice President/Director of Associate Relations. One of her duties is to advise supervisory personnel about employee matters. Cokley repeated to Sikyta what had been said to him by McKinney.

Following his conference with Sikyta, Cokley met with plaintiff. Cokley advised plaintiff "that another employee had come to [him] and indicated that he felt uncomfortable wearing the same head set as [plaintiff], and that [he] had discussed this with Human Resources."

Thereafter, plaintiff filed this action. In his petition, plaintiff alleges that at the time these statements were made, he "had not been exposed to the HIV virus and did not suffer from AIDS."

Joel E. Brown, Brown & Brown, St. Louis, for appellant.

Mary V. Schmidtlein, Gary P. Chura, St. Louis, for respondents.

GRIMM, Presiding Judge.

Plaintiff Robert F. Blake filed a defamation action against defendants James Cokley and The May Department Stores Company. His petition consisted of two counts against each defendant for slander and punitive damages.

The trial court granted defendants' summary judgment motion. Plaintiff appeals; we affirm.*

## I. Background

We review the record in the light most favorable to plaintiff. Plaintiff worked as a

## II. Intra–Corporate Communications

█ For his first point, plaintiff alleges the trial court "applied the wrong standard in [its] determination that the intra-corporate immunity rule for defamation cases applied to the false republication of the statement that [plaintiff] has AIDS. The immunity rule requires that the statement be made in 'the due and regular course of business,' and the court failed to engage in a content-based analysis in reaching its conclusion."

Further, he contends, "Even under the legal standard the trial court used to define

---

* Defendants filed a motion to strike certain portions of plaintiff's record on appeal.

  Nothing in the record before us indicates that plaintiff's deposition or the handbook were before the trial court when it considered the summary judgment motions. We cannot consider records that were not before the trial court. *Lay v. St. Louis Helicopter Airways, Inc.,* 869 S.W.2d 173, 174 (Mo.App.E.D.1993); *Hill v. Air Shields, Inc.,* 721 S.W.2d 112, 116 (Mo.App.E.D.1986). Motion granted.

'due and regular course of business,' it erred in finding no material factual dispute that the statements fall within [May Department Stores'] internally prescribed procedures."

■ The publication of an alleged defamatory statement to a third person is a required element of slander. *Perez v. Boatmen's Nat'l Bank*, 788 S.W.2d 296, 300 (Mo. App.E.D.1990). Publication is simply the communication of the defamatory matter to a third person. *Nazeri v. Mo. Valley College*, 860 S.W.2d 303, 313 (Mo. banc 1993). However, in the context of a business, repetition of a defamatory statement "will not constitute publication when the business is merely communicating with itself." *Perez*, 788 S.W.2d at 300.

Specifically, the intra-corporate immunity rule provides that "communications between officers of the same corporation in the due and regular course of the corporate business, or between different offices of the same corporation, are not publications to third persons." *Hellesen v. Knaus Truck Lines, Inc.*, 370 S.W.2d 341, 344 (Mo.Div. 2 1963).

Suffice to say, plaintiff concedes, "Cokley never made the remarks about [plaintiff] having AIDS to anyone outside of [May Department Stores]." Further, Cokley's affidavit states that he "only discussed the employee matters involving Famous McKinney and [plaintiff] with Famous Barr supervisory personnel." In Sikyta's affidavit, she stated that Cokley came to her for advice "regarding a personnel matter involving two Power Dial collectors, namely, Famous McKinney and [plaintiff]." In his reply brief, plaintiff "admits the purely factual allegations in the supporting affidavits."

■ Solving personnel problems is in the due and regular course of corporate business. *Lovelace v. Long John Silver's, Inc.*, 841 S.W.2d 682, 685 (Mo.App.W.D.1992). "Communications between the corporation and its personnel are the only means whereby a corporation can inform itself concerning the performances and conduct of employees in the due and regular course of the corporate business. A corporation has an interest to see that business runs efficiently." *Id.*

Here, plaintiff failed to show that there is a genuine issue as to any material fact regarding an element of a slander action— publication. The record does not reflect any allegation or inference that Cokley's allegedly slanderous statements were made to anyone other than supervisors within May Department Stores or that they were not within the regular and due course of business. Thus, Cokley's communications fall within the scope of the intra-corporate immunity rule and were not "published." Point denied.

## III. Officers

■ For his second point, plaintiff claims that defendants' summary judgment motion "failed to allege the necessary elements for the application of the intra-corporate immunity, and a factual dispute remains." Further, he alleges that defendants' motion "is facially defective in that the speaker as well as the recipient, to claim the immunity, must be an officer of the corporation and [Cokley] has failed to allege his employment capacity. In addition, there remains in the record a factual dispute as to the employment capacity of [Cokley], which should have precluded the entry of summary judgment."

Rule 74.04(c) provides that a motion for summary judgment "shall state with particularity" the grounds therefor. The purpose of the particularity requirement is to "apprise the opposing party and the trial court of the specific basis on which the movant claims it is entitled to summary judgment." *McCarthy v. Community Fire Protection Dist.*, 876 S.W.2d 700, 703 (Mo.App.E.D.1994).

Here, defendants' motion stated, "The undisputed facts show that defendant Cokley made good faith communications in the due and regular course of corporate business to Famous Barr supervisory personnel regarding plaintiff." Further, it stated, "Intra-corporate communications are not publications to third persons.... [Plaintiff] cannot establish the publication to a third person element of his purported cause of action." Thus, defendants' motion sufficiently stated the ground on which they claimed summary judgment.

Moreover, plaintiff's own petition alleges that Cokley was an employee of the May

Company. Also, he alleged that Cokley's actions were "to further the business interest of May Company under general authority." Therefore, plaintiff cannot claim that he was not apprised of the fact that Cokley was an employee of May. *See McCarthy,* 876 S.W.2d at 703.

Next, plaintiff argues that the intra-corporate immunity doctrine should not extend to Cokley. He points out that Cokley did not have the authority to terminate, discipline, or promote employees without approval. Also, he contends that Cokley was only a supervisor instead of a management level employee. Thus, he argues that Cokley was not an "officer" as that term was used in *Hellesen.*

Prior court decisions have not applied a narrow definition of "officer." In *Hellesen,* the author of the alleged defamatory letter was a truck company safety supervisor. *Id.,* 370 S.W.2d at 342–43. In *Lovelace,* the alleged defamatory statements were made by three employees. *Lovelace,* 841 S.W.2d at 683, 685. Nothing in either opinion indicates that the persons involved had the authority to terminate, discipline, or promote. Yet, in both cases, the courts held that the statements did not meet the publication requirement for the tort of defamation.

Here, Cokley was a department manager, supervising 70 to 75 employees. The record before us reveals that he received the comment from one of the collectors he supervises. Cokley sought guidance from the Director of Associate Relations as to how to handle the potential conflict. After receiving that advice, he spoke to plaintiff. Cokley was an "officer" within the use of that term in *Hellesen.* There is no indication that Cokley's statements were anything more than protected intra-corporate communications. Point denied.

The trial court's order of summary judgment is affirmed.

CARL R. GAERTNER, and AHRENS, JJ., concur.