Richard B. RICE, Appellant,

v.

Virginia HODAPP, et al., Respondents.

No. 78422.

Supreme Court of Missouri,
En Banc.

March 26, 1996.

Rehearing Denied April 23, 1996.

Margaret M. Mooney, Rick A. Courtney, St. Louis, for appellant.

Sally E. Barker, State Farm, St. Louis, Cheryl A. Callis, Hodapp, Odland & Teeple, St. Louis, for respondents.

BENTON, Judge.

In an action for defamation and related torts, the circuit court granted summary judgment against Richard B. Rice and for State Farm Insurance Company and three of its supervisors. Rice appeals claiming material issues of disputed fact as to the defamation count, in addition to other points. After opinion by the court of appeals, this Court accepted transfer. *Mo. Const.Art. V, § 10.* Affirmed.

## I.

In December 1988, Virginia Hodapp, a State Farm supervisor, investigated complaints of sexual harassment in the office where Richard Rice, an at-will employee, worked. Interviews with 32 of the 45 female employees revealed that Rice frequently "hip-checked" coworkers, offensively touched female coworkers, kissed a coworker and used profanity. Hodapp and Mark Odland, another State Farm supervisor, met with Rice and told him that they had determined he committed sexual harassment. They placed Rice on a three-day unpaid leave of absence. Upon his return, Hodapp and Odland relayed State Farm's decision to transfer him to another office and not recommend a salary increase.

Two days later, Hodapp called an office-wide meeting (attended by 50 to 80 employees) where she defined sexual harassment and gave examples. Hodapp also stated that the investigation was complete and that two employees were transferred to another office.

At his new office, Rice discovered that James Teeple, office supervisor, had informed Rice's new supervisor of some facts about the transfer. Rice immediately became ill, left the office and spent two weeks in a hospital stress unit. He remained on paid sick leave until October 1989, when his benefits ran out and he was terminated, ending 20 years of employment with State Farm.

Rice sued State Farm, Hodapp, Odland and Teeple for defamation, intentional infliction of emotional distress, intentional interference with a business relationship, civil conspiracy and prima facie tort. The circuit court granted summary judgment to all four defendants. Rice appeals as to State Farm, Hodapp and Odland.

## II.

■ Rice contends that the trial court erred in granting summary judgment on his defamation claim because genuine issues of material fact exist. "When considering appeals from summary judgments, the Court will review the record in the light most favorable to the party against whom judgment was entered." *ITT Commercial Finance v. Mid–America Marine,* 854 S.W.2d 371, 376 (Mo. banc 1993). Appellate review is essentially de novo. "The criteria on appeal for testing the propriety of summary judgment are no different from those which should be employed by the trial court to determine the propriety of sustaining the motion initially." *Id.* Summary judgment is appropriate where there are no genuine issues of material fact. " 'Genuine' implies that the issue, or dispute, must be a real and substantial one— one consisting not merely of conjecture, theory and possibilities." *Id.* at 378.

■ Rice initially alleges a factual dispute as to publication of the alleged defamatory statements. "A publication is simply the communication of defamatory matter to a third person." *Nazeri v. Missouri Valley College,* 860 S.W.2d 303, 313 (Mo. banc 1993). However, "communications between officers of the same corporation in the due and regular course of the corporate business, or between different offices of the same corporation, are not publications to third persons." *Hellesen v. Knaus Truck Lines,* 370 S.W.2d

341, 344 (Mo.1963). Clearly, the communications between State Farm's supervisors were not defamatory publications.

■ Rice correctly asserts, however, that the communications to non-supervisory employees were a publication. Defamatory statements made by company officers or supervisors to non-supervisory employees constitute a publication for purposes of a defamation action. *See Lovelace v. Long John Silvers, Inc.,* 841 S.W.2d 682, 685 (Mo.App. 1992). *See also Staples v. Bangor Hydro–Electric Co.,* 629 A.2d 601, 603 (Me.1993); *Bratt v. International Business Machines Corp.,* 392 Mass. 508, 467 N.E.2d 126, 134 (1984); *Larson v. Decatur Memorial Hospital,* 236 Ill.App.3d 796, 176 Ill.Dec. 918, 921, 602 N.E.2d 864, 867 (1992). *But see Nelson v. Lapeyrouse Grain Corp.,* 534 So.2d 1085, 1093 (Ala.1988).

### A.

■ "The common law provides the defamation defendant with three general types of defenses. First, truth may always be asserted as an absolute defense. Mo. Const. art. I, § 8. Second, certain statements are absolutely privileged.... Third, other statements receive a conditional or qualified privilege." *Henry v. Halliburton,* 690 S.W.2d 775, 780 (Mo. banc 1985).

■ On appeal, Rice cites two allegedly defamatory statements that his supervisor made at the employee meeting. First, Rice asserts that his supervisor stated that "there had been an investigation of charges of sexual harassment of female State Farm employees by [Rice] and that as a result of said investigation [Rice] was being transferred." All parties agree that there was indeed an investigation and Rice was transferred. Truth is an absolute defense to the first statement alleged.

■ Second, Rice points to one employee's affidavit stating that the supervisor told the employees at the meeting that "a sexual harassment investigation had been concluded and two individuals were found guilty of such conduct." Rice asserts that he was not guilty and thus, was defamed by the state-

ment. Clearly, the statement was true in the sense that State Farm management, after an investigation, believed Rice had committed sexual harassment.

 Rice vehemently contends that the underlying facts do not support the conclusion that he committed sexual harassment. Even if not absolutely privileged as the truth, the statement is qualifiedly privileged as an intra-corporate communication. "A communication is held to be qualifiedly privileged when it is made in good faith upon any subject-matter in which the person making the communication has an interest or in reference to which he has a duty, and to a person having a corresponding interest or duty, although it contains matter which, without such privilege, would be actionable." *Carter v. Willert Home Products, Inc.*, 714 S.W.2d 506, 513 (Mo. banc 1986). "The applicability of the defense of qualified privilege is a matter of law to be decided by the trial court." *Id.*

Here, the statements to non-supervisory personnel were intra-corporate communications within this qualified privilege. The supervisor making the statements had an interest in the subject-matter discussed. "Communications between the corporation and its personnel are the only means whereby a corporation can inform itself concerning the performances and conduct of employees in the due and regular course of the corporate business. A corporation has an interest to see that business runs efficiently. The sexual harassment of an employee ... not only affects the efficiency of the employee and hence of the business but also may incur legal obligation of the employer to take steps against the practice." *Lovelace*, 841 S.W.2d at 685. *See also* § 213.010 RSMo 1986; 42 U.S.C. §§ 2000e to 2000e–17; 29 C.F.R. § 1604.11(f) (1995). Likewise, the State Farm employees receiving the publication had an interest in the subject matter communicated. Employees have a legitimate interest in their employer's guidelines for appropriate behavior.

### B.

 Rice contends that if the qualified privilege applies, it is defeated by exceptions to the privilege. Under the intra-corporate qualified privilege, publication of an allegedly defamatory statement is not actionable unless made with malice. *Hellesen*, 370 S.W.2d at 345. In order to prove malice, a plaintiff must show "the statements were made with knowledge that they were false or with reckless disregard for whether they were true or false at a time when defendant had serious doubts as to whether they were true." *Carter*, 714 S.W.2d at 512. Statements made without any factual basis satisfy the recklessness standard. *Id.* "[T]he law will not infer malice, but the existence thereof must be shown by some evidence beyond the falsity of the statements communicated." *Hellesen*, 370 S.W.2d at 345.

 Although the record has no less than nine depositions and four affidavits, Rice fails to set forth specific facts showing a genuine issue of material fact. Although he had received a satisfactory work evaluation one month before the investigation, Rice speculates that his supervisors considered him a "malcontent," accusing him of sexual harassment to get him out of the office. In his own deposition, Rice failed to give specific facts supporting his speculation, though asked directly to do so. No other evidence fills this gap. Mere opinion fails to raise any issue of material fact that precludes summary judgment. *St. Charles County v. Dardenne Realty Company*, 771 S.W.2d 828, 831 (Mo. banc 1989).

 Additionally, Rice asserts a disputed issue of fact whether his supervisors were reckless in their statements because they lacked sufficient factual basis. However, there is no real and substantial dispute because the supervisor's statements were based on an investigation that found sufficient facts to justify the statements.

 Finally, Rice claims that excessive dissemination is another exception to the qualified privilege. Such an exception to the privilege might exist if "the statements made exceed the exigencies of the situation so as to constitute an abuse of the privilege." *Hellesen*, 370 S.W.2d at 345. However, the supervisor's statements did not exceed the exigencies of the situation because Rice's coworkers

certainly had an interest in knowing the company sexual harassment policy and its enforcement in their office.

### III.

As for the remaining issues, this Court now adopts substantial parts of the unpublished opinion of the court of appeals, by the Honorable Kent E. Karohl.

 Rice alleged in Count II that the investigation and the manner in which it was conducted by Hodapp, Odland, and State Farm represented outrageous conduct warranting a claim for emotional distress. He argues this claim is distinct from the defamatory statements alleged in Count I. Defendants respond that Rice bases the emotional distress claim solely on the alleged defamatory statements. Paragraph 2 of Count II alleges defendants made "repeated false, unverified and unfounded accusations of sexual harassment by Plaintiff . . ." and paragraph 3 of Count II alleges "making such false, unverified and unfounded allegations of sexual harassment by Plaintiff to Plaintiff and to numerous other State Farm employees."

A cause of action for intentional infliction of emotional distress "does not lie when the offending conduct consists *only* of a defamation." *Nazeri*, 860 S.W.2d at 316. To allow employment decisions to be actionable under this tort would effectively "subvert the law of this state to allow a claim for termination by an at will employee to be brought under the guise of an action for emotional distress." *Neighbors v. Kirksville College of Osteopathic Medicine*, 694 S.W.2d 822, 824 (Mo.App. 1985). Point denied.

 Rice appeals the dismissal of his Count III, which alleged tortious interference with his business relationship by Hodapp and Odland. He claims the dissemination of the alleged defamatory statements to employees of State Farm interfered with his business relationship with State Farm. Tortious interference with a contract or business expectancy requires proof of: (1) a contract or valid business expectancy; (2) defendant's knowledge of the contract or relationship; (3) a breach induced or caused by defendant's intentional interference; (4) absence of justi-

fication; and (5) damages. *Nazeri*, 860 S.W.2d at 317.

 Hodapp and Odland argue they were justified in investigating the charges of sexual harassment and in transferring Rice. Both state and federal law require investigation of sexual harassment claims in the workplace, as well as a system to communicate disapproval of sexual harassment. *See* § 213.010 RSMo 1986; 42 U.S.C. §§ 2000e to 2000e–17; 29 C.F.R. § 1604.11(f) (1995). A requisite element of tortious interference with a business relationship is absence of justification. *Nazeri*, 860 S.W.2d at 316–17. A defendant cannot be held liable for interfering with a business relationship if it has an unqualified right to perform the act. *Id.* at 317. Point denied.

 Count IV alleged civil conspiracy. Rice contends Hodapp and Odland acted in concert to defame him, cause him emotional distress, and to interfere with his business relationship with State Farm. A claim of conspiracy must establish: (1) two or more persons; (2) with an unlawful objective; (3) after a meeting of the minds; (4) committed at least one act in furtherance of the conspiracy; and, (5) the plaintiff was thereby damaged. *State Farm Mutual Auto Insurance Co. v. Weber*, 767 S.W.2d 336, 338 (Mo.App. 1989).

 Rice's civil conspiracy claim is based on his claims of intentional infliction of emotional distress and tortious interference with a business relationship. In Missouri, if tortious acts alleged as elements of a civil conspiracy claim fail to state a cause of action, then the conspiracy claim fails as well. *Williams v. Mercantile Bank of St. Louis*, 845 S.W.2d 78, 85 (Mo.App.1993). Point denied.

 Rice next contends the trial court erred in awarding summary judgment for defendants and against his Count V of prima facie tort. He claims State Farm acted without justification in conducting its investigation of the sexual harassment claims. A claim for prima facie tort must establish: (1) an intentional lawful act by defendant; (2) an intent to injure the plaintiff; (3) injury to plaintiff, and, (4) insufficient justification for defendant's action. *Nazeri*, 860 S.W.2d at

315. Rice contends his prima facie tort claim is not duplicative if the statements made about Rice were true. However, there is a recognized tort available to remedy the alleged wrong. Moreover, an at-will employee cannot premise liability for a wrongful employment action on a prima facie tort theory. *Brown v. Missouri Pacific Railroad Co.*, 720 S.W.2d 357, 362 (Mo. banc 1986); *Dake v. Tuell*, 687 S.W.2d 191, 192–93 (Mo. banc 1985). Point denied.

■ Rice finally claims that the circuit court erred in denying him further discovery after defendants filed for summary judgment. Rule 74.04(c)(2) expressly defines the procedure for a non-movant to request such additional discovery:

> If the party opposing a motion for summary judgement has not had sufficient time to conduct discovery on the issues to be decided in the motion for summary judgment, such parties shall file an affidavit describing the additional discovery needed in order to respond to the motion for summary judgment and the efforts previously made to obtain such discovery.

Rice filed a request for continuance but not the required affidavit. The trial court may refuse to allow additional discovery after the filing of a motion for summary judgment under Rule 74.04. *State ex rel. Conway v. Villa*, 847 S.W.2d 881, 886 (Mo.App.1993). Notably, Rice filed his lawsuit in December 1989. He subsequently took four depositions. On July 20, 1994, he filed a notice to depose 12 more State Farm employees— more than four years after the lawsuit was filed and after defendants filed their motions for summary judgment. Rice had sufficient time for discovery to develop evidence to support his allegations. *Id.; Lewis v. El Torito Restaurants, Inc.*, 806 S.W.2d 46, 47 (Mo.App.1991). Point denied.

### IV.

The judgment of the circuit court is affirmed.

All concur.