# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

————————

No. 01-2272

————————

| | | |
|---|---|---|
| American Cable Technologies Services, Inc. | * | |
| | * | |
| | * | |
| Appellant, | * | Appeal from the United States |
| | * | District Court for the Western |
| v. | * | District of Missouri. |
| | * | |
| American Telephone & Telegraph, Co. | * | |
| | * | [UNPUBLISHED] |
| Appellee. | * | |

————————

Submitted: December 13, 2001

Filed: January 3, 2002

————————

Before LOKEN, RICHARD S. ARNOLD and BYE, Circuit Judges.

————————

PER CURIAM.

American Cable Technologies Services, Inc. (ACTS) brought suit against American Telephone & Telegraph, Co. (AT&T) alleging AT&T tortiously interfered with ACTS's contractual relationship with Southwestern Bell Telephone Company (SWB). The district court[1] granted AT&T's motion for summary judgment, finding

———————————————

[1]The Honorable Gary A. Fenner, United States District Judge for the Western District of Missouri.

ACTS had failed to meet its burden of establishing the essential elements of tortious interference.

To state a cause of action for tortious interference with a contract or business expectancy under Missouri law, a plaintiff must show each of the following: (1) the existence of a contract or valid business expectancy; (2) the defendant's knowledge of the contract or expectancy; (3) a breach induced or caused by defendant's intentional interference; (4) absence of justification for the interference; and (5) damages.  See Rice v. Hodapp, 919 S.W.2d 240, 245 (Mo. 1996).  The district court found ACTS failed to generate a fact issue on intent, causation and justification.  Having reviewed the record, we conclude summary judgment was properly granted for the reasons set out in the district court's opinion and order.  We therefore affirm the judgment of the district court pursuant to 8th Cir. R. 47B.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.