Betsy Ann **FLEISCHAKER**, Plaintiff–Appellant,

v.

Robert **HEADLEE**, Defendant–Respondent.

No. 25037.

Missouri Court of Appeals, Southern District, Division Two.

March 20, 2003.

William J. Fleischaker, Roberts, Fleischaker, Williams, Wilson & Powell, Joplin, for appellant.

Kent O. Hyde, Shannon A. Vahle, Harrison, Hyde & Love, LLP, Springfield, for respondent.

JOHN E. PARRISH, Judge.

Betsy Ann Fleischaker (plaintiff) appeals a summary judgment for Robert Headlee (defendant) in an action in which she sought damages for defamation (Count I) and tortious interference with a business expectancy (Count II).[1] This court affirms.

---

1. Plaintiff appeals the award of summary judgment with respect to Count I. She does

Count I of plaintiff's petition alleges that prior to September 1, 1989, she had been employed by Fleming Company, Inc., (Fleming) in Joplin, Missouri. During part of the time she worked for Fleming, defendant was president of the Joplin Division of that company. She alleges that when she resigned her position with Fleming, she "was asked to comment to [Fleming] regarding the conditions of her employment"; that she did so by means of a letter that "contained comments . . . critical of [defendant's] performance as President of the Joplin Division of [Fleming]." Count I states that Fleming terminated defendant's employment with that company some time after plaintiff's departure.

Count I asserts that "[o]n or about the 23rd day of September 1998, plaintiff applied for employment with Arvest Bank"; that she was interviewed and advised she would be offered a position at that bank. Plaintiff's petition alleges defendant learned of her application for employment at Arvest Bank; that he thereafter told employees of Arvest Bank that when plaintiff was employed at Fleming, plaintiff "A. [c]reated significant ill will among the staff, and B. [c]aused friction between employees, and C. [w]as generally a negative influence."

The petition alleges that because of the statements plaintiff contends defendant made, she was not offered a position of employment with Arvest Bank. She asserts that when defendant made the statements, he "either knew the statements were false or acted with reckless disregard for whether said statements were true or false at a time when defendant . . . had serious doubt as to whether said statements were . . . true." Count I asserts the statements were malicious; that they were made in retaliation for statements plaintiff made to Fleming that were detrimental to defen-

dant. The petition alleges plaintiff was damaged as a result of those statements "in that she was unable to obtain the employment at Arvest Bank, and has lost salary and benefits to which she would have been entitled had she obtained said employment."

Defendant filed a motion for summary judgment asserting, among other things, that he had been contacted by an employee of Arvest Bank who knew he had been president of Fleming during part of the time plaintiff worked there; that in response to the inquiry, defendant conveyed his opinions that plaintiff "a. [w]anted to take over in areas that were not hers; b. [c]reated significant ill-will in the work place; and c. [c]reated a hostile work environment." Defendant's motion asserts that at the time of the conversation in which his opinions were conveyed, plaintiff had not been offered a position at Arvest Bank, and those persons responsible for hiring new employees at Arvest Bank were interviewing other applicants. It asserts that Arvest Bank thereafter decided not to hire plaintiff.

Defendant filed suggestions in support of his motion for summary judgment. He asserts the statements he made constituted his opinion; that the statements were absolutely or qualifiedly privileged. Defendant's motion for summary judgment and the suggestions in support of the motion were filed September 21, 2001. They were followed by:

| | |
|---|---|
| October 25, 2001 | Plaintiff filed a motion for extension of time to respond to the motion for summary judgment in order to depose defendant. |
| October 30, 2001 | Plaintiff filed motion entitled "Motion Pursuant to Rule 44.01 for Extension of Time to File Affidavit Seeking Extension of Time to Respond to Motion for Summary Judgment." Plaintiff requested "time to respond to defendant's motion for |

not appeal the award of summary judgment with respect to Count II.

summary judgment until a reasonable length of time after defendant has made him self [sic] available for deposition."

**November 2, 2001**    Trial court entered order granting plaintiff's motion for extension of time without specifying time when response by defendant would be required.

**February 1, 2002**    Defendant deposed by plaintiff.

**May 6, 2002**    Defendant requested court to grant summary judgment for defendant due to lack of response by plaintiff to motion for summary judgment.

**May 7, 2002**    Plaintiff requested extension until May 17, 2002, to file response to motion for summary judgment.

**May 17, 2002**    Defendant's Motion for Summary Judgment granted. Judgment entered for defendant.

The judgment recites:

On this *17* day of May, 2002, the Court, having reviewed defendant's Motion for Summary Judgment, having received no response or reply from plaintiff within the time allowed by the Court, being fully advised in the premises, and pursuant to the provisions of Supreme Court Rule 74.04, does hereby sustain defendant's Motion for Summary Judgment.

Therefore, it is the Judgment of this Court that defendant's Motion for Summary Judgment is sustained, and Judgment is hereby entered in favor of defendant Robert Headlee and against plaintiff Betsy A. Fleischaker, at plaintiff's cost.

■ Point I states:

The [trial] court erred in entering summary judgment in that the [trial] court in entering judgment found that [plaintiff] had not filed a timely response to defendant's Motion for Summary Judgment which finding was incorrect because:

A: The court's order extending time to respond to the Motion for Summary Judgment did not specify when a response was due; and

B: If the court's order extending time to respond can be construed as only extending time until 30 days after the deposition of defendant, said time had not expired because the defendant declined to waive the right to read and sign his deposition and he had not done so as of the date of the court's ruling.

Rule 74.04(c)(2), as it existed when defendant's motion for summary judgment was filed, provided: [2]

Within thirty days after a motion for summary judgment is served, the adverse party shall serve a response on all parties, and, if the adverse party is relying on affidavits, the response shall have attached thereto affidavits not previously filed. The response shall admit or deny each of movant's factual statements in numbered paragraphs that correspond to movant's numbered paragraphs, shall state the reason for each denial, ... If the party opposing a motion for summary judgment has not had sufficient time to conduct discovery on the issues to be decided in the motion for summary judgment, such party shall file an affidavit describing the additional discovery needed in order to respond to the motion for summary judgment and the efforts previously made to obtain such discovery. For good cause shown, the court may continue the motion for summary judgment for a reasonable time to allow the party to complete such discovery.

Defendant's motion for summary judgment was served on plaintiff by mail. Thus, plaintiff had three additional days to

---

**2.** Rule 74.04 has been amended effective January 1, 2003. References to it are to the rule as it existed before the amendment.

that provided by Rule 74.04(c)(2) in which to respond, i.e., 33 days rather than 30 days. *See* Rule 44.01(e). The mailing certificate on the motion states it was "served upon all interested parties" on September 20, 2001, by U.S. Mail, postage prepaid. The copy of the motion included in the legal file reflects the filing date with the court as "SEP 21 2001." Even using that date rather than the September 20 date reflected on the mailing certificate on the motion, plaintiff did not file a timely response. The 33rd day after the motion was served was October 24, 2001. On October 25, 2001, plaintiff filed a motion to extend time to respond to the summary judgment motion. It requested time to depose defendant, asking "the court to extend the time for responding to defendant's motion for summary judgment until a date 30 days after the deposition of defendant." There was no affidavit accompanying the motion, as required by Rule 74.04(c)(2), describing what additional discovery was needed or what efforts had previously been made to obtain that discovery.

On October 30, 2001, plaintiff filed an additional motion that requested "[p]ursuant to Rule 44.01," leave to file an affidavit in support of plaintiff's request for time to complete discovery for purposes of responding to defendant's motion for summary judgment.[3] The October 30 motion asserted factors plaintiff contends were a basis for allowing an extension of time to conduct additional discovery. Plaintiff's motion was accompanied by an affidavit of her attorney asking for "an order extending the time to respond to defendant's motion for summary judgment until a reasonable length of time after defendant has made him self [sic] available for deposition."

The November 2, 2001, order granted plaintiff's motion for extension of time to file an affidavit in response to defendant's motion for summary judgment. The order did not state the date when the affidavit would be required. On May 17, 2002, there having been no response or reply by plaintiff to defendant's motion for summary judgment, the trial court granted the motion and entered judgment. The judgment recites that the trial court reviewed defendant's motion for summary judgment; that "no response or reply [had been received] from plaintiff within the time allowed by the Court."

Plaintiff argues the trial court erred in finding she had not timely filed her response to the summary judgment motion because defendant had not waived the signing of his deposition nor signed the deposition. Judgment was entered May 17, 2002. Defendant had been deposed February 1, 2002.

Plaintiff has cited no authority that supports the proposition she urges this court to adopt. Neither has she offered explanation for not pursuing that position in the trial court following defendant's May 6, 2002, request for the trial court to rule on the motion for summary judgment. Under the circumstances of this case, this court finds no basis for concluding the trial court abused its discretion in ruling on the motion for summary judgment. The motion had been pending for almost eight months. Plaintiff had been granted time to depose defendant. The deposition had been completed February 1, 2002, more that three months prior to the trial court's ruling.

---

3. Rule 44.01(b) permits a court to grant additional time to a party to do a required act "upon notice and motion made after the expiration of the specified period ... where the failure to act was the result of excusable neglect."

There had been, as requested by plaintiff, "a reasonable length of time after defendant ... made him self [sic] available for deposition," in which plaintiff could have filed a response to the motion for summary judgment. Plaintiff tacitly acknowledges there was sufficient information available for her to have responded to the motion by arguing in her brief that she had completed a response "late in the day of May 21, 2002," before learning the summary judgment motion had been granted.

■ Failure to timely file a response to a motion for summary judgment constitutes failure to preserve any dispute of a material fact. *In re Estate of Clifton,* 69 S.W.3d 500, 502 (Mo.App.2001). Rule 74.04(c)(3) admonishes, "After the response has been filed *or the time for filing the response has expired,* whichever is earlier, the judgment sought shall be entered forthwith if a motion for summary judgment and response thereto show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." (Emphasis added.) This court finds no abuse of discretion by the trial court's determination of the summary judgment motion without further notice or proceedings. Point I is denied.

Point II contends the trial court erred in granting defendant's motion for summary judgment because the motion did not establish defendant was entitled to judgment as a matter of law. Plaintiff argues defendant's statements were not absolutely privileged as opinions because "the statements implied assertions of objective facts." She further argues "[t]he statements were not qualifiedly privileged as statements of a former employer in that defendant was no longer employed by [plaintiff's] former employer" when the statements were made, and defendant did not establish the statements were made without malice.

Defendant's motion for summary judgment and supporting deposition testimony established that defendant was contacted by a prospective employer of plaintiff, Arvest Bank. Arvest Bank personnel requested defendant's opinion as a former supervisor and president of a company with which plaintiff had previously been employed about plaintiff's personal traits that would likely impact her job performance. Defendant stated his opinion with respect to the information he was requested to provide.

■ "[A] communication regarding the character or qualifications of an employee or former employee 'is qualifiedly privileged if made in good faith by a person having a duty in the premises to one who has a definite interest therein.'" *Deckard v. O'Reilly Automotive, Inc.,* 31 S.W.3d 6, 16 (Mo.App.2000). When used in this sense, "'duty' cannot be confined to legal duties, which may be enforced by indictment, action, or mandamus, but must include moral and social duties of imperfect obligation." *Henry v. Halliburton,* 690 S.W.2d 775, 781 (Mo. banc 1985). "Providing information at the request of the recipient ... to protect an interest of the recipient establishes a qualified privilege." *Id.*

■ Absent a showing of lack of good faith by defendant, the statements of defendant about which plaintiff complains were qualifiedly privileged. Even if the statements were false, which this court has no basis to infer, in order to overcome the qualified privilege to which defendant's statements were entitled, plaintiff would have had to show malice by defendant. *Deckard, supra.* This would have required plaintiff to show "the statements were made with knowledge that they were false or with reckless disregard for whether they were true or false at a time when

defendant had serious doubts as to whether they were true." *Rice v. Hodapp*, 919 S.W.2d 240, 244 (Mo. banc 1996). *See also Deckard, supra.* No response having been filed to the motion for summary judgment, plaintiff failed to assert a controverted fact issue regarding defendant's knowledge concerning the truthfulness or falsity of the statements or, if false, whether they were made with reckless disregard for whether they were true or false under circumstances when defendant would have had serious doubts with respect to their truthfulness. Point II is denied. The judgment is affirmed.

SHRUM, J., and RAHMEYER, C.J., concur.