Gary M. Gaertner, Jr., Presiding Judge
Introduction
Sandra Lovelace (Lovelace) appeals the trial court's dismissal of her defamation petition against Brian Van Tine (Van Tine). She argues that the trial court erred in concluding that intra-corporate immunity applied to her claim. We affirm.[1]
Background
The allegations in Lovelace's petition are as follows. Lovelace worked as a medical assistant for Washington University School of Medicine from November 24, 2003 until August 5, 2015. Van Tine is a physician in the Department of Oncology at Washington University School of Medicine. Both Lovelace and Van Tine worked at the Siteman Cancer Center (Siteman), which is managed jointly by Washington University School of Medicine and Barnes-Jewish Hospital. Paula Goldberg (Goldberg), a registered nurse for Barnes-Jewish Hospital, was Lovelace's manager. Goldberg performed all of Lovelace's performance evaluations and controlled her daily assignments, Denitra Brinkley (Brinkley), an employee of Washington University, also supervised Lovelace.
Van Tine, as a physician, maintained a medical team made up of nurses, a nurse practitioner, and occasionally medical assistants. On July 8-9, 2015, Lovelace was assigned to Van Tine's team as a "float" medical assistant. On July 13, 2015, Goldberg and Brinkley met with Lovelace. They told her that Van Tine had reported *383 that Lovelace said, "Don't hire Angie Butcher, she doesn't like working with white people." Lovelace denied making any such statement, became very upset, and was allowed to leave work early. Lovelace called into work sick for several days due to her distress, and eventually Goldberg and Brinkley placed her on administrative leave. Lovelace was discharged from her employment on August 5, 2015.
Lovelace's petition alleged that Van Tine maliciously and falsely accused Lovelace of making the statement regarding Angie Butcher in order to divert blame for making a racially-based hiring decision. Lovelace alleged that Van Tine's accusation directly and proximately caused Lovelace damage to her reputation and the loss of her employment, as well as extreme mental and emotional distress.
Van Tine moved to dismiss Lovelace's petition for failure to state a claim, arguing that according to Missouri's intra-corporate immunity rule, Van Tine's statement to Lovelace's supervisors did not constitute publication to a third party, which is an essential element of defamation. Van Tine also argued that the statement was capable of an innocent and non-defamatory meaning. The trial court agreed with both of Van Tine's arguments and dismissed Lovelace's petition. This appeal follows.
Standard of Review
We review the dismissal of a petition for failure to state a claim de novo. Lynch v. Lynch, 260 S.W.3d 834, 836 (Mo. banc 2008). We treat the facts alleged in the petition as true and construe them liberally in favor of the plaintiff. Id. Dismissal is appropriate only where those facts, if proven, would not entitle the plaintiff to relief. See id.
Discussion
Lovelace raises two points on appeal, but the first is dispositive. She argues the trial court erred in applying intra-corporate immunity to her claim because Van Tine was not a supervisor. We disagree.
The elements of a claim for defamation are "1) publication, 2) of a defamatory statement, 3) that identifies the plaintiff, 4) that is false, 5) that is published with the requisite degree of fault, and 6) damages the plaintiff's reputation." Farrow v. St. Francis Med. Ctr., 407 S.W.3d 579, 598-99 (Mo. banc 2013) (quoting Overcast v. Billings Mut. Ins. Co., 11 S.W.3d 62, 70 (Mo. banc 2000) ). Here, we examine only the element of publication. "Publication is simply the communication of the defamatory matter to a third person." Blake v. May Dep't Stores Co., 882 S.W.2d 688, 690 (Mo. App. E.D. 1994) (citing Nazeri v. Mo. Valley College, 860 S.W.2d 303, 313 (Mo. banc 1993) ).
However, Missouri has applied intra-corporate immunity to defamation claims regarding certain business communications. Blake, 882 S.W.2d at 690. "[I]n the context of a business, repetition of a defamatory statement will not constitute publication when the business is merely communicating with itself." Id. (quoting Perez v. Boatmen's Nat'l Bank, 788 S.W.2d 296, 300 (Mo. App. E.D. 1990) ) (internal quotation omitted). Specifically, the rule applies to "communications between officers of the same corporation and in the due and regular course of the corporate business, or between different offices of the same corporation[.]" Blake, 882 S.W.2d at 690 (quoting Hellesen v. Knaus Truck Lines, Inc., 370 S.W.2d 341, 344 (Mo. 1963) ).
Here, Lovelace argues that Van Tine was not a supervisor and thus not an "officer" whose communications were protected *384 by the intra-corporate immunity rule. The trial court found that Lovelace's petition states Van Tine "was assigned a team of staff," which suggests Van Tine managed that team in a supervisory capacity. However, regardless of Van Tine's official position, this Court has noted that "[p]rior court decisions have not applied a narrow definition of 'officer.' " Blake, 882 S.W.2d at 691. In fact, at least two decisions have held that non-supervisory employees reporting defamatory statements to supervisors are protected by intra-corporate immunity. Dean v. Wissmann, 996 S.W.2d 631, 633 (Mo. App. W.D. 1999) (college professor reported statements to vice president for student affairs); Lovelace v. Long John Silver's, Inc., 841 S.W.2d 682, 685 (Mo. App. W.D. 1992) (three employees made oral and written statements to company management).
Lovelace argues that the Missouri Supreme Court in Rice v. Hodapp overruled cases involving communication by non-supervisory employees to supervisors and held that no communications between supervisors and non-supervisory employees are immune to claims of defamation, but subject only to a qualified privilege. 919 S.W.2d 240 (1996). However, the Rice court recited the intra-corporate immunity rule established in Hellesen and then specifically distinguished statements to non-supervisory employees: "Defamatory statements made by company officers or supervisors to non-supervisory employees constitute a publication for purposes of a defamation action." Rice, 919 S.W.2d at 243. Consistently with other cases addressing defamation claims arising from workplace communication, the Rice court focused on the role of the person receiving the statement, rather than the person making the statement, and found that statements to non-supervisory employees are not protected by intra-corporate immunity. The Missouri Supreme Court did not discuss statements made by non-supervisory employees to supervisors.
Lovelace argues that there is no logical difference between the two situations, but we disagree. Employees must be able to bring personnel matters to the attention of supervisors without risk of liability. The Western District dealt with a similar argument in Dean, in which it reasoned that if an employee's communication to supervisors was not protected, "then no corporation could ever receive communications from employees which concerned the business of the corporation, without itself being liable for publication, and the employee himself or herself would suffer the consequences of reporting any matter to appropriate persons or departments in the corporate entity." 996 S.W.2d at 634-35. Such communications are precisely what the intra-corporate immunity rule exists to protect.
Conversely, supervisors possessing personnel information do not have the same unqualified necessity to disseminate it to non-supervisory employees, who have no role in the hiring or discipline decisions that are often implicated when these situations arise. Thus, supervisors' ability to share statements with non-supervisory employees is limited. See Rice, 919 S.W.2d at 244 (explaining qualified privilege in context of interest or duty; holding that company's communication to non-supervisory employees regarding sexual harassment by another employee fell only within qualified privilege).
Here, Lovelace's petition states that Van Tine made the statement to Lovelace's supervisors. Because statements made to supervisors do not constitute publication, the facts in Lovelace's petition fail to establish an element of defamation. Thus, her petition fails to state a claim upon which relief can be granted, *385 and we affirm the trial court's judgment on this basis.
Conclusion
We affirm the judgment of the trial court.
Robert M. Clayton III, J., concurs.
Angela T. Quigless, J., concurs.

Van Tine's motion to dismiss the appeal and motion for sanctions are denied.